UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 17-06360 SJO-SK                      DATE: October 30, 2017

TITLE:    Stefani Kaminkski-Albright v. Sunbeam Products, Inc., et al.

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                  Not Present
Courtroom Clerk                                   Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**                **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                       Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND ATTORNEY'S FEES** [Docket No. 13]

This matter comes before the Court on Plaintiff Sunbeam Products, Inc.'s ("Plaintiff") Motion to Remand to State Court and Attorney's Fees ("Motion"), filed on September 27, 2017. On October 10, 2017, Defendants Kohl's Department Stores, Inc. ("Kohl's") and Spanx, Inc. ("Spanx") filed a joint opposition to the Motion ("Opposition") and Defendant Sunbeam Products, Inc. ("Sunbeam") filed a separate opposition to the Motion ("Sunbeam Opposition"). Plaintiff filed a reply to Defendants' Opposition ("Reply") on October 16, 2017. The Court found the matter suitable for disposition without oral argument and vacated the hearing set for October 30, 2017. *See* Fed. R. Civ. P. 78(b). For the reasons stated below, the Court **DENIES** Plaintiff's Motion to Remand.

I.      FACTUAL AND PROCEDURAL HISTORY

On or about January 2, 2016, Plaintiff used a Sunbeam Heating Pad Featuring UltraHeat™ Technology ("Heating Pad"), which was purchased from Target Corporation ("Target"). (Compl. ¶ 9.) Plaintiff placed the Heating Pad on her lower abdomen while wearing a Spanx Assets® Red Hot Label™ Flipside Firmers Mid-Thigh garment ("Garment") purchased from Kohl's. (Compl. ¶ 9.) Plaintiff removed the Heating Pad and had severe, permanent and disfiguring burns to her lower abdominal area as a result of the alleged malfunction of the Heating Pad and Garment. (Compl. ¶ 9.)

Plaintiff filed suit against Defendants Kohl's, Spanx, Sunbeam, and Target Corporation ("Target") (collectively, "Defendants") in the Superior Court of California for Los Angeles County on June 9, 2017 (the "State Court Action"). (*See generally* Compl.) In the State Court Action, Plaintiff asserts three causes of action against Defendants for: (1) negligence (Compl. ¶¶ 10-22); (2) strict liability (Compl. ¶¶ 23-36); and (3) breach of implied warranty. (Compl. ¶¶ 37-42.) In her Prayer for Relief, Plaintiff requests: (1) general, special, compensatory, consequential and/or incidental damages to be proven at trial; (2) pre- and post-judgment interest on all amounts due; (3) costs of this actions; and (4) such other legal and equitable relief as the Court deems just and proper. (Compl. 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 17-06360 SJO-SK                DATE:  October 30, 2017

On June 9, 2017, Sunbeam filed a request for a statement of damages, (Notice of Removal ("Notice"), ECF No. 1 Ex. H) which Plaintiff filed with the Superior Court of California on August 3, 2017.  (Notice Ex. I.)  Spanx filed its answer and cross-complaint on July 11, 2017 (Notice Exs. D, E); Sunbeam and Target filed their answers on July 14, 2017 (Notice Exs. B, C); and Kohl's filed its answer on August 18, 2017.  (Notice Ex. F.)  In its cross-complaint, Spanx asserts the following causes of actions: (1) implied indemnity (Compl. Ex. G. ¶¶ 6-9); (2) contribution (Compl. Ex. G. ¶¶ 10-13); and (3) declaratory relief.  (Compl. Ex. G. ¶¶ 14-17.)

Defendants removed the action to this Court on August 28, 2017.  (*See generally* Notice.)  Plaintiff seeks remand to the state court, arguing that: (1) Defendants violated the unanimity requirement; and (2) removal is untimely pursuant to 28 U.S.C. § 1446(b) ("Section 1446(b)").  (Mot. 2, ECF No. 12.)  Plaintiff also requests sanctions in the amount of $11,700 for the attorney's fees incurred in filing its Motion, because there was no objectively reasonable basis for Defendant's removal of the action.  (Mot 3.)  Plaintiff opposed the Motion on October 10, 2017.[1]

II.     DISCUSSION

   A.     Legal Standard for Remand

A district court has removal jurisdiction pursuant to 28 U.S.C. section 1332 "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  Diversity jurisdiction requires "complete diversity" of citizenship.  *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990).  Moreover, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a); *Gaus v. Miles, Inc.*, 980 F.2d, 564, 566 (9th Cir. 1992).

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  If the

---

[1] Plaintiff contends that Defendant Sunbeam's Opposition is late. (Pl.'s Object. in Support of Mot., ECF No. 20.)  Defendants filed their oppositions on October 10, 2017, but per Central District Local Rule 7-9, the oppositions were due by October 9, 2017, twenty-one (21) days before the designated October 30, 2017 hearing.  Pursuant to Federal Rules of Civil Procedure 6(a)(1)(C), when computing time in a Local Rule, if the deadline to file an Opposition falls on a legal holiday, like Columbus Day, then the defendant has until the end of the next day, October 10, 2017, to file an opposition.  Here, Defendants properly filed their oppositions on October 10, 2017.

case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"Failure to comply with the requirements of § 1446(b) constitutes a 'defect in removal procedure.'" *Page v. City of Southfield*, 45 F.3d 128, 131 (6th Cir. 1995) (citations omitted).  "Pursuant to 28 U.S.C. § 1447(c), a district court may remand an action . . . where there are  procedural defects in removal." *Washington v. United Parcel Serv., Inc.*, No. CV 09-01131 DDP, 2009 WL 1519894, at *1 (C.D. Cal. June 1, 2009).

Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted). Where there is doubt, the case should be remanded to state court. *Matheson v. Progressive Speciality Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted).

      B.    <u>Timeliness of Removal</u>

Plaintiff argues that Sunbeam's Notice of Removal was untimely pursuant to Section 1446(b) (Mot. 12-14), which describes two thirty-day windows during which a case may be removed.  The first window is thirty days after the defendant receives the initial pleading.  *See* 28 U.S.C. § 1446(b)(1); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).  If the case stated by the initial pleading is not removable, the defendant may file a notice of removal within thirty days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *See* 28 U.S.C. § 1446(b)(3); *Harris*, 425 F.3d at 692.

Plaintiff argues that Defendants knew that the amount in controversy exceeded $75,000 at the time of service of the Complaint, because it contended Plaintiff "sustained extensive economic and non-economic damages, physical injuries, past and future medical expenses, past and future and sever [sic] and ongoing emotional distress and pain and suffering, and other such damages." (Mot. 12.)   However, the case was not removable on the basis of the Complaint because it "did not affirmatively reveal information to trigger removal based on diversity jurisdiction." *Harris*, 425 F.3d 689, 695 (9th Cir. 2005).

Defendants do not argue that their Notice was filed within the first thirty-day window.  Instead, Defendants argue that removal was timely because it was filed within the second thirty-day

window, which they allege was triggered by the service of Plaintiff's Statement of Damages on August 3, 2017, showing that the total amount claimed in the action exceeds $75,000 exclusive of interests and costs. (Notice ¶ 8.) Defendants argue that Plaintiff's Complaint did not demand a specific sum for the damages claimed to establish an amount in controversy, as it only indicated that the amount demanded exceeds $25,000 to invoke the unlimited jurisdiction of the Superior Count of California for the County of Los Angeles. (Notice ¶ 7.)

Plaintiff contends that even if the Complaint was insufficient to establish the amount in controversy, Sunbeam knew the amount in controversy was several millions of dollars on June 15, 2017 and June 19, 2017. (Mot. 13.) On June 15, 2017, Plaintiff's attorney Aghavni v. Kasparian ("Kasparian") told a representative from Travelers Insurance, who is defending and indemnifying claims against both Spanx and Kohl's, that the amount in controversy in this case is in excess of several millions of dollars. (Declaration of Aghavni V. Kasparian ("Kasparian Decl."), ¶ 6.) On June 19, 2017, Kasparian told a representative from the third-party administrator and claims adjuster for Target that the amount in controversy exceeded several millions of dollars and emailed the representative pictures of Plaintiff's injuries for purposes of tendering the claim to Sunbeam's national counsel. (Kasparian Decl. ¶¶ 7, 10.) Target is represented by the same law firm as the removing defendant Sunbeam. (Mot. 13.) Accordingly, Plaintiff argues that the last day Sunbeam knew that the amount of controversy exceeded $75,000 was June 19, 2017, making the Notice of Removal on August 28, 2017 untimely. (Mot. 13-14.)

On June 27, 2017, Sunbeam's counsel, Jamison E. Power ("Power"), had a telephone conversation with Plaintiff's counsel and requested information on the amount of controversy and requested a stipulation on the amount expressly for removal purposes. (Declaration of Jamison E. Power in Support of Defendant Sunbeam Products, Inc.'s Opposition to Plaintiff's Motion to Remand ("Power Decl.", ¶ 9 ECF No. 18-1.) Plaintiff's counsel advised that she would need to get back to Power on those issues. (Power Decl. ¶ 9.) On June 28, 2017, Power emailed Plaintiff's counsel confirming their conversation on June 27, 2017 and requesting Plaintiff's counsel provide the information discussed. (Power Decl. ¶ 10.) Plaintiff's counsel did not respond to that email or Power's follow up email on June 12, 2017. (Power Decl. ¶ 10.)

The second window under Section 1446(b) permits removal "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The word "ascertain" is used in Section 1446(b) in connection with the giving of notice. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002); *see Debry v. TransAmerica* Corp., 601 F.2d 480, 489 (10th Cir. 1979) (requiring removal to be "ascertainable" "so that in [defendant's] petition for removal he can make a simple and short statement of the facts"). Although there is not a set rule for whether a document constitutes an other paper for the purposes of removal, courts have found the following types of documents to be sufficient: demand letters, *Williams v. Safeco Ins. Co.* , 74 F.Supp.2d 925, 929 (W.D. Mo. 1999), at-issue memorandum, *Barngrover v. M. V. Tunisian Reefer* , 535 F.Supp. 1309, 1312 (C.D. Cal. 1982),

and replies, *Bishop v. Sam's East, Inc.*, 2009 WL 1795316 at *4 (E.D. PA. 2009). Common amongst all of these documents are that they are filed within the state court and thus signify that they are authoritative, and that they put the court and the other party on notice that the action is removable. *See e.g., Zelaya v. Brotman Med. Ctr.*, 1992 WL 559683 at *1 (C.D. Cal. 1992) (holding that an official document filed outside the case was not an other paper because other papers must originate from within the case.) In *Harris*, the Ninth Circuit relied on the Fourth Circuit's emphasis on "the four corners of the initial pleading or subsequent paper" to disclose the grounds for removal, in order to avoid having to inquire into a defendant's subjective knowledge. 425 F.3d at 695 (quoting *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir.1997)).

Here, the Complaint did not give Defendants adequate notice of the amount in controversy. The Plaintiff's Statement of Damages on August 3, 2017 was the first "paper" that was filed with the state court and gave Defendants notice that the amount in controversy exceeded $75,000. Accordingly, the thirty-day clock under § 1446(b) began on August 3, 2017, and Sunbeam's filing of its Notice of Removal on August 28, 2017 was timely.

  C. <u>Unanimity Requirement</u>

Plaintiff argues that the unanimity requirement cannot be met, because Spanx's filing of its cross-complaint in state court waived its right to removal, and therefore, Spanx could not properly consent to the Notice of Removal. (Mot. 8-12.) The removal statute states that all defendants who have been "properly joined and served in the action" must join a petition for removal. *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988)). A defendant manifests his intent to remain in state court if he files permissive counter-claims in state court after the case has become removable. *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443 (9th Cir. 1992). "However, [for there to be a waiver,] it must [have] be[en] unequivocally apparent that the case [was] removable [before the defendant engaged in the litigation conduct], [] the intent to waive the right to remove to federal court and to submit to state court jurisdiction must [have been] clear and unequivocal, and the defendant's actions must be inconsistent with the right to remove." *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1091 (C.D.Cal. 2005). Here, Spanx filed its cross-complaint on July 11, 2017 (Notice Ex. E), before it was given notice through the service of Plaintiff's Statement of Damages that the amount in controversy exceeded $75,000 and that the case was removable. Thus, the Court does not consider Spanx's filing of its cross-complaint in state court a waiver of its right to removal and Spanx maintains its ability to consent to removal.

  D. <u>Attorney's Fees</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: CV 17-06360 SJO-SK          DATE: October 30, 2017

Plaintiff seeks attorney's fees of $11,700 incurred in opposing Defendants' removal and moving for remand, arguing that Defendant removed this action without any legal basis and in bad faith, knowing that Spanx waived its right to remove and to consent to removal upon its filing of a cross-complaint in state court.  (Mot. 14-15.)  "[C]ourts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Frankline Capital Corp* ., 546 U.S. 132, 141 (2005); *Lussier v. Dollar Tree Stores, Inc* ., 518 F.3d 1062, 1065 (9th Cir. 2008).  Here, the Court finds that the Defendant acted in good faith, and reasonably and correctly believed that the Plaintiff's Statement of Damages constituted an opening of the second thirty-day removal window.  Thus, Plaintiff's Request for Attorney's Fees is **DENIED** under 28 U.S.C. section 1447(c).

III.    RULING

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.  No attorney's fees shall be awarded.

IT IS SO ORDERED.