GARY A. WOLENSKY (SBN: 154041)
JAMISON E. POWER (SBN: 261585)
SAMUEL SCHLEIER (SBN: 312449)
**BUCHALTER**
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Fax: (949) 720-0182
Email: gwolensky@buchalter.com


Attorneys for Defendants
SUNBEAM PRODUCTS, INC., dba
JARDEN CONSUMER SOLUTIONS
and TARGET CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| STEFANI KAMINSKI-ALBRIGHT, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> SUNBEAM PRODUCTS, INC., DBA JARDEN CONSUMER SOLUTIONS, a Corporation; TARGET CORPORATION, a Corporation; SPANX, INC., a Corporation; KOHL'S DEPARTMENT STORES, INC., a Corporation; DOES 1-100 INCLUSIVE, <br><br> Defendants. | Case No. 2:17-cv-06360-SJO (SKx) <br><br> [Originally Filed in Los Angeles Superior Court, Case No. BC662989] <br><br> **[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE STEVE KIM]:** <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Judge:   S. James Otero <br> Magistrate: Steve Kim |

1.   A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this

counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., court reporting, jury consulting, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing an motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

1 promptly notify all other Parties that it is withdrawing the inapplicable designation.

2     5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in
3 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
4 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
5 under this Order must be clearly so designated before the material is disclosed or
6 produced.

7     Designation in conformity with this Order requires:

8     (a) for information in documentary form (e.g., paper or electronic
9 documents, but excluding transcripts of depositions or other pretrial or trial
10 proceedings), that the Producing Party affix at a minimum, the legend
11 "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
12 contains protected material. If only a portion or portions of the material on a page
13 qualifies for protection, the Producing Party also must clearly identify the protected
14 portion(s) (e.g., by making appropriate markings in the margins).

15     A Party or Non-Party that makes original documents available for inspection
16 need not designate them for protection until after the inspecting Party has indicated
17 which documents it would like copied and produced. During the inspection and
18 before the designation, all of the material made available for inspection shall be
19 deemed "CONFIDENTIAL." After the inspecting Party has identified the
20 documents it wants copied and produced, the Producing Party must determine
21 which documents, or portions thereof, qualify for protection under this Order. Then,
22 before producing the specified documents, the Producing Party must affix the
23 "CONFIDENTIAL legend" to each page that contains Protected Material. If only a
24 portion or portions of the material on a page qualifies for protection, the Producing
25 Party also must clearly identify the protected portion(s) (e.g., by making
26 appropriate markings in the margins).

27     (b) for testimony given in depositions, that the Designating Party identify
28 the Disclosure or Discovery Material on the record, before the close of the

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

Case No. 2:17-cv-06360-SJO (SKx)
STIPULATED PROTECTIVE ORDER

deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIAL DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

Case No. 2:17-cv-06360-SJO (SKx)
STIPULATED PROTECTIVE ORDER

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

        (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

        (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d) the court and its personnel;

        (e) court reporters and their staff;

        (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have

1 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2 (g) the author or recipient of a document containing the information or a
3 custodian or other person who otherwise possessed or knew the information;

4 (h) during their depositions, witnesses, and attorneys for witnesses, in the
5 Action to whom disclosure is reasonably necessary provided: (1) the Designating
6 Party requests that the witness sign the form attached as Exhibit A hereto; and (2)
7 the witness(es) will not be permitted to keep any confidential information, unless
8 otherwise agreed by the Designating Party or ordered by the court. Pages of
9 transcribed deposition testimony or exhibits to depositions that reveal Protected
10 Material may be separately bound by the court reporter and may not be disclosed to
11 anyone except as permitted under this Stipulated Protective Order; and

12 (i) any mediator or settlement officer, and their supporting personnel,
13 mutually agreed upon by any of the parties engaged in settlement discussions.

14

15 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
16 IN OTHER LITIGATION

17 If a Party is served with a subpoena or a court order issued in other litigation
18 that compels disclosure of any information or items designated in this Action as
19 "CONFIDENTIAL," that Party must:

20 (a) promptly notify in writing the Designating Party. Such notification shall
21 include a copy of the subpoena or court order;

22 (b) promptly notify in writing the party who caused the subpoena or order to
23 issue in the other litigation that some or all of the material covered by the subpoena
24 or order is subject to this Protective Order. Such notification shall include a copy of
25 this Stipulated Protective Order; and

26 (c) cooperate with respect to all reasonable procedures sought to be pursued
27 by the Designating Party whose Protected Material may be affected.

28 If the Designating Party timely seeks a protective order, the Party served with

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

Case No. 2:17-cv-06360-SJO (SKx)
STIPULATED PROTECTIVE ORDER

the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14

days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work

product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANEOUS

    12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. FINAL DISPOSITION

    After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that

1  (1) identifies (by category, where appropriate) all the Protected Material that was
2  returned or destroyed and (2) affirms that the Receiving Party has not retained any
3  copies, abstracts, compilations, summaries or any other format reproducing or
4  capturing any of the Protected Material. Notwithstanding this provision, Counsel
5  are entitled to retain an archival copy of all pleadings, motion papers, trial,
6  deposition, and hearing transcripts, legal memoranda, correspondence, deposition
7  and trial exhibits, expert reports, attorney work product, and consultant and expert
8  work product, even if such materials contain Protected Material. Any such archival
9  copies that contain or constitute Protected Material remain subject to this Protective
10 Order as set forth in Section 4 (DURATION).

11

12 14.    Any violation of this Order may be punished by any and all appropriate
13 measures including, without limitation, contempt proceedings and/or monetary
14 sanctions.

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: ~~December __, 2017~~ January 30, 2018          KP LAW

By: _____
Aghavni V. Kasparian
Attorney for Plaintiff
STEFANI KAMINSKI-ALBRIGHT

DATED: ~~December __, 2017~~ JAN. 31          SHOOP|A PROFESSIONAL LAW
CORPORATION

By: _____
David Shoop
Attorney for Plaintiff
STEFANI KAMINSKI-ALBRIGHT

DATED: ~~December __, 2017~~ Jan. 31, 2018          BUCHALTER
A Professional Corporation

By: _____
GARY A. WOLENSKY
JAMISON E. POWER
SAMUEL Q. SCHLEIER
Attorneys for Defendants
SUNBEAM PRODUCTS, INC.,dba
JARDEN CONSUMER SOLUTIONS
and TARGET CORPORATION

BUCHALTER
A Professional Corporation
Irvine

DATED: December ~~___, 2017~~ 1-31-18

**MOFFETT VITU LASCOE PACKUS & SIMS**

By: _____
STEPHEN T. MOFFETT
THOMAS L. VITU
Attorneys for Defendants
SUNBEAM PRODUCTS, INC.,dba
JARDEN CONSUMER SOLUTIONS
and TARGET CORPORATION

DATED: ~~December ___, 2017~~ January 30, 2018

**DIEDERICH & ASSOCIATES**

By: _____
Susan K. Andersen
Attorney for Defendants
SPANX, INC. and KOHL'S
DEPARTMENT STORES, INC.

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: February 1, 2018

Honorable Steve Kim
United States Magistrate Judge

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

## Exhibit A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case *Stefani Kaminski-Albright v. Sunbeam Products, Inc. et al.* United States District Court for the Central District of California, Western Division, Case Number 2:17-cv-06360-SJO (SKx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____